UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06-CV-00028-EHJ

EARL W. SIGLER                                                                                          PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                                   DEFENDANT

### MEMORANDUM OPINION

Before the Court is the complaint (DN 1) of Earl W. Sigler ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 16) and the defendant (DN 19) have filed a Fact and Law Summary. By Order entered February 16, 2006 (DN 3), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed. This matter is ripe for decision.

### STANDARD OF REVIEW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.

Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on June 9, 2003 (Tr. 73, 74-76). Plaintiff alleged that he became disabled on November 28, 2001, as a result of degenerative disc disease, a hiatal hernia, high blood pressure, gastroesophageal reflux disease ("GERD"), anxiety, chronic obstructive pulmonary disease ("COPD"), asthma, and diabetes mellitus (Tr. 16, 74, 86). Administrative Law Judge Anne Pritchett ("ALJ") conducted a hearing on April 4, 2005 in Evansville, Indiana (Tr. 26). The plaintiff was present and represented by Attorney Jennie Marks. Also present and testifying was Thomas Mehaffey, Ph.D., as a vocational expert.

In a decision dated April 27, 2005, the ALJ found from the medical evidence that plaintiff's degenerative disc disease, discogenic deficits of the lumbar spine, and diabetes mellitus with associated neuropathy are "severe" impairments within the meaning of the regulations (Tr. 19). She also determined a number of plaintiff's impairments are non-severe (Tr. 19-20). The ALJ concluded that plaintiff's impairments, singly or in combination, do not meet or medically equal the

requirements set forth in Appendix 1 (Tr. 20). After finding plaintiff is not credible regarding his allegations of disability, the ALJ determined plaintiff is capable of performing a full range of sedentary work, with no limitations that preclude him from performing skilled work (Tr. 22). The ALJ then found that plaintiff has the residual functional capacity to perform his past relevant work as a purchasing manager (Tr. 23).

Plaintiff timely requested review of the ALJ's decision (Tr. 11). After considering plaintiff's arguments, the Appeals Council denied his request for review (Tr. 5-7, 8, 572-578).

## DISCUSSION

Plaintiff argues the ALJ committed error when she failed to discuss the evidence and explain why she found plaintiff's impairments, singly or in combination, did not meet or medically equal a listing in Appendix 1 (DN 16). However, plaintiff has failed to demonstrate any harm as a result of this alleged error. More specifically, plaintiff has not demonstrated that he has an impairment or combination of impairments that meets or medically equals a listing in Appendix 1. See, 20 C.F.R. § 404.1520(d); Burgess v. Secretary of Health and Human Serv's., 835 F.2d 139, 140 (6th Cir. 1987). Absent such a showing the Court must conclude the alleged error is harmless.

Next, plaintiff challenges findings the ALJ made at the fourth step in the sequential evaluation process (DN 16). At the fourth step in the sequential evaluation process, the ALJ made findings regarding the weight assigned to medical source statements in the record[1], plaintiff's

---

[1] 20 C.F.R. §§ 404.1527(d), 416.927(d).

credibility[2], plaintiff's residual functional capacity[3], the physical and mental demands of plaintiff's past relevant work, and plaintiff's ability to return to the past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The undersigned will first address plaintiff's dissatisfaction with the ALJ's credibility findings.

Since plaintiff's subjective statements regarding pain, symptoms, and side effects from prescribed medications suggested impairments of greater severity than could be substantiated by the objective medical evidence, the ALJ appropriately considered other information and factors that are relevant to assessing plaintiff's credibility. 20 C.F.R. § 404.1529(c)(3); Social Security Ruling 96-7p. For example, the ALJ considered inconsistencies in the evidence regarding whether plaintiff was experiencing side effects from his medications and the extent to which plaintiff's testimony conflicted with what he reported to Dr. Manchikanti, a treating source (Tr. 22, 317, 318). 20 C.F.R. § 404.1529(c)(4); Social Security Ruling 96-7p. Further, Dr. Brown did not indicate the degree of limitation imposed by hypersomnolence due to pain medications (Tr. 254, 258) on the reports he filled out for the insurance company. The ALJ also appropriately considered plaintiff's level of daily activity in assessing the credibility of plaintiff's subjective statements about pain, other symptoms, and medication side effects (Tr. 21-22). 20 C.F.R. § 404.1529(c)(3)(i); Social Security Ruling 96-

---

[2]In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. Sections 404.1529, 416.929; Social Security Ruling 96-7p.

[3]The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. Sections 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. Sections 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

5

7p; Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Secretary of Health and Human Serv's., 927 F.2d 228, 231 (6th Cir. 1990).

The ALJ found plaintiff not credible regarding his allegations of disability (Tr. 22). In the absence of detailed corroborating evidence of the plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of the plaintiff's credibility. Since tolerance of pain is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the plaintiff, the conclusion of the ALJ, who has the opportunity to observe the plaintiff's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Serv's., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Secretary of Health, Educ. and Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding the plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

Next, plaintiff contends the ALJ's residual functional capacity findings are not supported by substantial evidence in the record and do not comport with applicable law (DN 16). The ALJ noted the only functional limitations provided by a treating source were those expressed by Dr. Brown, on more than one occasion (Tr. 22, 23). He observed that Dr. Brown's opinions limit plaintiff to a sedentary to light exertional level of work (Tr. 22). Since the ALJ found these limitations were consistent with substantial evidence in the record, the ALJ assigned significant weight to Dr. Brown's opinions (Tr. 23). These findings are supported by substantial evidence in the record and fully comport with applicable law. Social Security Ruling 96-2p; 20 C.F.R. § 404.1527(d)(2). Furthermore, Dr. Brown did not express an opinion regarding the degree of limitation imposed by the hypersomnolence (Tr. 254, 258). Thus, there is no basis for plaintiff to accuse the ALJ of relying on only those parts of Dr. Brown's functional opinion that support a finding of not disabled.

Additionally, the administrative decision (Tr. 20-21) rebuts plaintiff's argument that the ALJ did not properly evaluate his mental impairment.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Commissioner's findings are supported by substantial evidence, and a judgment should be granted for the Commissioner. An order in conformity with this Memorandum Opinion has this day been entered.

Copies:     Counsel